UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONNIE LONG, | : | |
| | : | Civil Action No. 10-0798 (FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| GARY LANIGAN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

Plaintiff pro se
Ronnie Long
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**HOCHBERG**, District Judge

　　Plaintiff Ronnie Long, a prisoner confined at East Jersey State Prison in Rahway, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  More specifically, Plaintiff asserts that certain conditions at East Jersey State Prison are unconstitutional, including allegations of unsanitary sewage backups, spoiled food, overcrowding, and structurally unsound buildings within the prison complex.

　　Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.

No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing

fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Dismissals for frivolousness of civil actions or appeals prior to the passage of the PLRA count as "strikes" under 28 U.S.C. § 1915(g).  See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1),

(2), including a certified account statement.  <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).  In addition, Plaintiff is barred, by virtue of prior dismissals, from proceeding in this action <u>in forma pauperis</u>, unless he can establish that he is in imminent danger of serious physical injury.  <u>See</u>, <u>e.g.</u>, <u>Long v. Atlantic City Police Department</u>, Civil No. 06-0785 (D.N.J.); <u>Long v. Admin. Dir. NJ Court</u>, Civil No. 94-1997 (D.N.J.); <u>Long v. State of New Jersey</u>, Civil No. 96-1982 (D.N.J.); <u>Long v. Admin. Dir. NJ Court</u>, No. 94-5372 (3d Cir.).

The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed.  <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc), <u>cert. denied</u>, 533 U.S. 953 (2001).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate."  <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

Accordingly, the application for leave to proceed <u>in forma pauperis</u> will be denied without prejudice and this action will be administratively terminated.  Plaintiff will be granted leave to move to re-open by submitting a complete application for leave to proceed <u>in forma pauperis</u>, including an affidavit attesting to

4

the conditions he contends subject him to "imminent danger of serious physical injury." See, e.g., Brown v. City Of Philadelphia, No. 08-2419, 331 Fed.Appx. 898, 2009 WL 1416709 (3d Cir. May 21, 2009) (allegations that "prison guards threatened his life, placed feces and urine in his cell, tampered with and contaminated his food, denied him heat and running water, and denied him medical treatment[, and] encouraged other inmates to attack and threaten him, and failed to adequately protect him from inmate violence:" insufficient to overcome the bar of § 1915(g)); Bolongogo v. Horn, Civil No. 97-4378, 1997 WL 599160 (E.D.Pa. July 23, 1997) (allegations of "prison overcrowding, double bunking, placing two inmates per cell, unsanitary conditions in the general prison population cells and in the restricted housing units (R.H.U.), food containing unlabeled, cancerous substances, strip searches, inadequate exercise facilities and law libraries" not sufficient to establish imminent danger of serious physical injury); Ball v. Allen, 2007 WL 484547, 6 (S.D.Ala. 2007) (allegations of no cleaning supplies for cells, clean clothes only twice per week, unsanitary showers, inadequate fire safety in cells, inadequate lighting, inadequate, unsanitary, and contaminated food and beverages, are insufficient to overcome the bar of § 1915(g)).

In this regard, the Court notes that Plaintiff purports to bring his claims on behalf of himself "and all similarly situated

5

inmates at East Jersey State Prison." Many of the allegations regarding conditions at the prison refer to specific buildings, but Plaintiff fails to make allegations that he, personally, is subjected to the conditions in those buildings.

Plaintiff lacks standing to assert claims on behalf of other prisoners. See Warth v. Seldin, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Nor, in light of his litigation history, would he be an adequate class representative under Rule 23. Accordingly, any motion to re-open must also be accompanied by a proposed amended complaint asserting his individual claims against the named defendants.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee. Plaintiff will be granted leave to move to re-open within 30 days.[1]

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice

6

An appropriate Order will be entered.

S/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge

Dated: February 22, 2010

---

v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).